UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**WESLEY ALDRIDGE**  **PLAINTIFF**

**v.**  **CIVIL ACTION NO. 5:14CV-P199-GNS**

**RANDY HALEY** *et al.*  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Wesley Aldridge, a prisoner currently incarcerated in the Graves County Jail, filed a *pro se* complaint under 42 U.S.C. § 1983. He subsequently filed two other documents which he captioned as complaints (DNs 5 & 10) and another document he captioned as an "Addendum to Complaint" (DN 9). The Court considers these subsequently filed documents to be motions to amend the complaint. Accordingly, Plaintiff's motions to amend (DNs 5, 9 & 10) are **GRANTED**.

This matter is before the Court for initial review of the complaint and amendments pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).[1] For the reasons that follow, the Court will dismiss this action.

**I. SUMMARY OF CLAIMS**

Plaintiff identifies the following seven Defendants in this action: (1) Randy Haley, Jailer at the Graves County Jail; (2) Deborah Crooks, a Graves County District Court Judge; (3) Dwayne Redmon, Graves County Sheriff; (4) Steve Halsell, a detective with the Graves County Sheriff's Office; (5) Steve Hendley, a detective with the Graves County Sheriff's Office;

---

[1] The facts about which Plaintiff complains in the pleadings he has filed all involve the same incident. The Court will assimilate the facts from each of the pleadings to provide the most comprehensive factual scenario of the situation about which Plaintiff complains.

(6) Brent Farmer, a detective with the Mayfield, Kentucky Police Department; and (7) the Graves County Sheriff's Department.[2] Each individual Defendant is sued in both his or her individual and official capacities, with the exception of Defendant Crooks who is sued in her individual capacity only.

Plaintiff seeks "Cumulative and punitive Monetary Damages" and that "All Charges pending, Contemplated and or filed Be immediately Dismissed." In one of his amendments, Plaintiff states that since he has been in jail he has been charged with terroristic threatening of Defendants Halsell and Farmer, and that two inmates who are working for the police are housed in his cell. Plaintiff requests that an investigation of this situation be done.

According to Plaintiff, on April 22, 2014, Defendants Halsell and Hendley set up a meeting with Plaintiff to buy "two eight-balls of methemphetamin" from him. When the detectives searched Plaintiff, he states they found only syringes and a tin containing two pills. The Plaintiff states that these Defendants took him to their office where an agent from McCracken County named Murphy also met with them. According to Plaintiff, Defendants Halsell and Hendley had a conversation with Plaintiff about helping them get his drug suppliers. Plaintiff represents that they told him he could help himself if he helped them get the "meth." Plaintiff states that in the course of the conversation, Defendants Halsell and Hendley threatened Plaintiff with a felony charge and reminded him that there was an ATF agent who was interested in Plaintiff. According to Plaintiff, Defendants Halsell and Hendley promised Plaintiff that if he helped them get the drug suppliers he would not have any charges except his "bench warrants for F.T.A. [failure to appear]." Plaintiff states that he eventually agreed to help the officers.

---

[2] The Graves County Sheriff's Department was added as a Defendant in one of Plaintiff's amendments to the complaint (DN 10). It appears that the only claim brought against this Defendant is the 18 U.S.C. § 1951 claim.

Thereafter, according to Plaintiff, Defendants Halsell and Hendley, along with Murphy, set up a situation where Plaintiff called his drug suppliers and arranged a place to meet with them to purchase methamphetamine. Plaintiff states that the meeting occurred and the two drug suppliers were arrested and the methamphetamine obtained. Plaintiff states that he was thereafter taken to jail and arrested on outstanding bench warrants from Graves and McCracken County. He states that he remained in jail for a few weeks.

Plaintiff states that on August 15, 2014, he was arrested in Decatur, Tennessee. He states that he appeared in a Tennessee court on August 18, 2014, and pled guilty to the charges there. According to Plaintiff, he received a probated term with time served. During the court hearing in Tennessee, Plaintiff asserts that he was informed that he had pending charges in Graves County, Kentucky and that there was a detainer against him. He states that he was never given a proper extradition hearing nor did he receive proper notice of these charges. Plaintiff states that the judge brought him papers he assumed were a waiver of extradition. Plaintiff states that he signed them without counsel and unaware of his rights. He states that he was thereafter transported to the Graves County Jail in Kentucky.

During transport, according to Plaintiff, he found out about the details of the pending Graves County charges. According to Plaintiff, Defendant Halsell swore out a complaint against Plaintiff on August 18, 2014, and a warrant was generated on August 21, 2014. Plaintiff states that the criminal complaint and charges were based on the April 22, 2014, events. The warrant, according to Plaintiff, listed the items that were in his possession when the detectives arrested him on April 22, 2014. Plaintiff states that Defendant Halsell acted in "bad faith" since Plaintiff had assisted the detectives and the drug suppliers were arrested. He further states, "I find the

3

dates which are exact in my release in the Sister state are extreme since I assisted these officers and they seemingly black mailed me."

Plaintiff contends that his Fifth, Sixth, and Thirteenth Amendment rights have been violated. He further contends that "[w]e will prove violations of Due Process and ineffective Assistance of Counsel."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers*, *USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. 42 U.S.C. § 1983 Claims

#### 1. Municipal Liability

Plaintiff sues each Defendant, with the exception of Defendant Crooks, in his official capacity. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Suing Defendants in their official capacities is the equivalent of suing their employers, Graves County and the city of Mayfield. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the county police department is not an entity which may be

sued, the county is the proper party); *Bradford v. Hammond*, No. Civ.A.3:05CVP459-H, 2005 WL 2739154, at *2 (W.D. Ky. Oct. 21, 2005) (construing a claim against Louisville Metro Corrections as one brought against Louisville/Jefferson County Metro Government); *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive is actually a suit against Jefferson County itself).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will first address the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 694; *Deaton v.*

6

*Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'"  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted))

In the instant case, Plaintiff has not alleged that a municipal policy or custom caused his alleged harm.  As nothing in the complaint demonstrates any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by either Graves County or the city of Mayfield, the complaint fails to establish a basis of liability against the municipalities, and it fails to state a cognizable § 1983 claim.

Accordingly, Plaintiff's official-capacity claims brought under 42 U.S.C. § 1983 will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### 2. Individual-Capacity Claims Against Defendants Haley, Crooks, Redmon, and Farmer

To state a claim under § 1983, a plaintiff must allege that 1) a right secured by the Constitution or a federal statute has been violated, and 2) the violation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010).  A complaint filed under § 1983 must show a causal connection between each of the named Defendants and the alleged constitutional deprivation.  A

§ 1983 complaint must allege that specific conduct by each Defendant was the proximate cause of the constitutional injury. *King v. Massarweh*, 782 F.2d 825, 828-29 (9th Cir. 1986). "Congress did not intend § 1983 liability to attach where causation is absent." *Deaton v. Montgomery Cnty. Ohio*, 989 F.2d at 889. To establish causation, Plaintiff must adduce "an affirmative link . . . [a] moving force that animated the behavior . . . that resulted in the constitutional violations alleged." *Id.* When the theory of causation is a matter of pure speculation and is nothing more than a hypothetical argument, the pleadings are insufficient to sustain a compensable § 1983 claim. *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994).

Moreover, while the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976); *see Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (stating "officials are personally liable for damages under [§ 1983] 'only for their own unconstitutional behavior'") (quoting *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)).

Plaintiff fails to make any allegations as to Defendants Haley, Crooks, Redmon, and Farmer. He does not include any allegations as to how these Defendants were involved in any alleged wrongdoing against him. Having failed to connect the alleged wrongdoing to Defendants Haley, Crooks, Redmon, and Farmer, the §1983 claims against them must be dismissed.

Perhaps Plaintiff seeks to hold Defendants Haley and Redmon liable based on their respective positions of Jailer and Sheriff. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 691; *Colvin v. Caruso*, 605 F.3d at 292; *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Accordingly, the individual-capacity claims against Defendants Haley, Crooks, Redmon, and Farmer brought pursuant to 42 U.S.C. § 1983 will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### 3. *Heck v. Humphrey* Bar

Furthermore, Plaintiff's claims are all barred under the *Heck* doctrine. Under this doctrine:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thereafter, the Supreme Court held that *Heck* and its progeny indicate that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its

duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The claims Plaintiff makes, if successful, would necessarily demonstrate the invalidity of a state court conviction and/or sentence.

Therefore, all of Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 are barred by the *Heck* doctrine and will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## B. 18 U.S.C. § 1951 Claim

Plaintiff also states that he brings a claim against Defendants Halsell, Hendley and the Graves County Sherriff's Department under the Hobbs Act, which is codified at 18 U.S.C. § 1951. Under § 1951,

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). The Hobbs Act is a criminal statute, and "federal courts have consistently found that the Hobbs Act does not support a private cause of action." *Faller v. Rogers*, No. 1:05CV-167M, 2006 WL 314554, at *7 (W.D. Ky. Feb. 8, 2006) (quoting *Campbell v. Austin Air Sys., Ltd.*, 423 F. Supp. 2d 61, 72 (W.D.N.Y. 2005)); *see also Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999) ("[N]either the statutory language of 18 U.S.C. § 1951 nor its legislative history reflect an intent by Congress to create a private right of action."); *Bajorat v. Columbia-Breckenridge Dev. Corp.*, 944 F. Supp. 1371, 1377-78 (N.D. Ill. 1996) (listing cases that have uniformly held that the Hobbs Act does not carry an implied private right of action); *Peterson v. Philadelphia Stock Exch.*, 717 F. Supp. 332,

336 (E.D. Pa. 1989) (finding that "the Hobbs Act only provides for criminal sanctions" as neither the Act itself nor the legislative history contains language suggesting the intent or concern for civil relief).  This Court also concludes that the Hobbs Act provides no private cause of action.

Accordingly, Plaintiff's Hobbs Act claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: February 24, 2015

Greg N. Stivers, Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
4416.003